an account stated of the amount which plaintiff should pay the defendant, crediting him as in other similar suits by the purchase money, amount paid for taxes, and the value of improvements on the land, and charging him with the rents and profits; and upon the payment of said sum, render a decree canceling the patent. If such amendment is not made the cause will be dismissed. As the plaintiff may not be able to comply with equitable terms until the Legislature meets, and provides, if it so desires, the fund necessary, it would perhaps be well for the court to continue the cause until that time.

HUGHES, J., did not sit in this case.

---

## BLEDSOE v. MITCHELL.

LANDLORD'S LIEN: *Bill to enforce against tenant's vendee.*

On a bill against a tenant's vendees to enforce a landlord's lien on the proceeds of certain cotton alleged to have been purchased with notice of the lien, there was no evidence to show that the defendants knew that the cotton was produced on land belonging to or rented from the plaintiff, and they testified that they purchased without notice of the tenancy, or that the rent was unpaid. The only evidence tending to prove that defendants bought with notice of a lien of any kind was that of one witness, who testified that he told them that he thought the plaintiff had a mortgage or lien on all the tenant owned, but that he did not tell them there was any claim on the cotton for rent. HELD: That the evidence was not sufficient to show notice to defendants of the plaintiff's lien.

APPEAL from *Poinsett* Circuit Court in Chancery.

J. E. RIDDICK, Judge.

This is a suit in equity to enforce a landlord's lien on the proceeds of two bales of cotton. The complaint alleges that the cotton was produced on lands rented by the plaintiff to one Haner, and that the latter owed the plaintiff a balance of about $60 on the rent. That the defendant purchased the cotton from Haner with notice of the plaintiff's lien, and that the rent was unpaid. The answer admitted the purchase of two bales

Bledsoe v. Mitchell.

·of cotton from Haner, but denied that the plaintiff had any lien thereon, and also denied that the defendants had any notice or knowledge of such lien at the time of the purchase, and alleged that they paid for the cotton before they were notified of the plaintiff's lien, or of his claim for rent. It was shown that part of the cotton was produced on land rented from the plaintiff, and that the proceeds of the two bales amounted to about $80. There was no evidence to show that the defendants knew that the cotton was produced on land belonging to the plaintiff, or that the relation of landlord and tenant existed between the plaintiff and Haner. The only evidence tending to prove that the defendants bought with notice of a lien of any kind was that of one witness, who testified that he told them that he thought the plaintiff had a mortgage or lien on all that Haner owned, but did not tell them that the plaintiff had any claim on the cotton for rent. The defendants both testified that they bought and paid for the cotton without any kind of notice of the tenancy of Haner, or of the unpaid rent. The court found that one bale of cotton was purchased with notice of the plaintiff's lien, and gave judgment in his favor for $40.00. The defendants appealed.

*Sanders & Watkins* and *J. D. Block*, for appellants.

The proof fails to show notice of Mitchell's lien. *Jones on Liens, sec. 580; 77 Ill., 206.*

PER CURIAM. The decree in this cause cannot be sustained, because the proof fails to show notice to the defendants of the lien of Mitchell.

Reverse and dismiss the bill.

LANDLORD'S LIEN.